UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PHILLIP ROY WASSERMAN,
    Petitioner,

v.                                    Case No. 5:26-cv-243-JLB-PRL

WARDEN, FCC COLEMAN - CAMP,
    Respondent.

## WARDEN'S MOTION TO DISMISS
## WASSERMAN'S 28 U.S.C. § 2241 PETITION

The Warden respectfully requests that this Court dismiss Phillip Roy Wasserman's 28 U.S.C. § 2241 petition. Docs. 1, 8.[1] Wasserman asserts factual innocence based on newly discovered evidence that he purports the government wrongfully suppressed until after his appellate filing. Doc. 1 at 9–20, Doc. 8 at 1. Because Wasserman's collateral attacks on the legality of a sentence must be brought under 28 U.S.C. § 2255, the Warden respectfully requests that this Court dismiss Wasserman's petition.

### Background

Wasserman is currently serving a 180-month sentence for fraud and tax evasion. *See* Crim. Doc. 1125. Following a 30-day trial, during which he represented himself, a jury convicted Wasserman of one count of conspiracy, as well as multiple counts of wire and mail fraud. *See* Crim. Doc. 806. He later pleaded guilty to tax

---

[1] References to filings in the criminal case *United States v. Wasserman, et al.*, Case No. 8:20-cr-207-CEH-NHA (M.D. Fla.), are cited as "Crim. Doc. [document number]." Filings in this section 2241 proceeding are cited as "Doc. [document number]."

evasion. *See* Crim. Docs. 992, 1019. His direct appeal is pending before the Eleventh Circuit. *See* Crim. Doc. 1100; *see also United States v. Wasserman*, No. 24-10389-AA (11th Cir.). In the meantime, Wasserman has flooded the docket with motions seeking collateral relief. *See generally* Crim. Docs. 1173, 1174, 1175, 1177, 1178, 1185, 1192, 1211.

Last year, Wasserman filed a habeas motion under 28 U.S.C. § 2241 raising the same arguments that he advances in the present petition, and the United States District Court for the Middle District of Florida denied the petition because he failed to satisfy the limited circumstances of the saving clause. *See Wasserman v. United States*, Case No. 5:25-cv-490-TPB-PRL, Doc. 9 (M.D. Fla. Aug. 26, 2025) (denying request for habeas relief and emergency motion for bond and hearing). Undeterred, Wasserman filed the present section 2241 petition, again challenging his convictions on substantially the same grounds. *See* Doc. 1 at 9–20; Doc. 8 at 1. For the same reasons, this Court should deny his petition.

Rather than raising these claims on direct appeal or by motion under 28 U.S.C. § 2255 in the sentencing court, Wasserman asserts his factual innocence based on what he characterizes as "newly discovered" evidence. *See* Doc. 1 at 9. Specifically, he alleges the government suppressed information that he discovered during a post-indictment civil lawsuit he filed against the United States concerning the disclosure of his tax returns. *See* Doc. 8 at 1; *see also Wasserman v. United States*, No. 8:21-cv-2334-TPB-SPF, Doc. 127 (M.D. Fla.); *Wasserman v. United States*, No.

2

25-13515-JJ (11th Cir.). Along with his claims, Wasserman contends that he has fully served his sentence for tax evasion. *See* Doc. 1 at 10.

Wasserman is serving his sentence at FCI Coleman Low, and he has a projected release date of December 3, 2035. *See* Inmate Locator, Federal Bureau of Prisons, available at https://www.bop.gov/inmateloc/ (last visited July 20, 2026).

### *Memorandum*

Collateral attacks on the legality of a sentence must generally be brought under 28 U.S.C. § 2255. A federal prisoner may challenge his sentence pursuant to section 2241 only where "the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The "inadequate or ineffective" clause is known as the "saving clause," *see Amodeo v. FCC Coleman–Low*, 984 F.3d 992, 997 (11th Cir. 2021), and Wasserman bears the burden of establishing it. *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc). Petitioners like Wasserman have a "meaningful opportunity" to challenge their conviction in a section 2255 motion even if their claim is foreclosed by binding precedent or barred by a procedural rule. *Id*. at 1086–87. Whether a claim qualifies for saving-clause relief is a "threshold jurisdictional analysis." *Id*. at 1099; *see also Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337–40 (11th Cir. 2013) (concluding that the saving clause "restrict[s] the subject-matter jurisdiction of the federal courts"), *abrogated on other grounds by McCarthan*, 851 F.3d 1076.

Here, Wasserman's attempt to use 28 U.S.C. § 2241 to collaterally attack his convictions fails because his factual innocence claim must be under section 2255. A

motion to vacate under section 2255 is the "exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy the 'saving clause.'" *McCarthan*, 851 F.3d at 1081. The saving clause applies only when a prisoner's remedy under section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Satisfaction of the saving clause is a jurisdictional prerequisite to consideration of a section 2241 petition, *see Williams*, 713 F.3d at 1337–38, and the prisoner bears the burden of proving that his claim meets its requirements. *See McCarthan,* 851 F.3d at 1086–87. To satisfy the saving clause, the court asks only whether a section 2255 motion to vacate provides an adequate procedure to test the prisoner's claim. *Id.* A prisoner has a meaningful opportunity to test a claim—and therefore cannot rely on the saving clause—whenever section 2255 permits them to bring that claim and provides a mechanism for relief. *Id.*

The test, in other words, is whether the petitioner's claim is of a kind that is cognizable under section 2255. *Id.* If so, the petitioner cannot meet the saving clause and cannot proceed under section 2241: "The remedy by [section 2255] motion is not ineffective unless the procedure it provides is *incapable* of adjudicating the claim." *Id.* at 1088 (emphasis added).

Whether the petitioner could obtain relief under section 2255 is not relevant to the *McCarthan* test. It is the remedy that must be "inadequate or ineffective" to trigger the section 2255(e) "saving clause," meaning "the available process—not substantive relief." *Id.* at 1086. The section 2255 remedy is not rendered inadequate or ineffective even when adverse circuit precedent earlier doomed a petitioner's claim: "[w]hether

4

circuit precedent was once adverse to a prisoner has nothing to do with whether his motion to vacate his sentence is inadequate or ineffective." *Id.* at 1085–86 (quotation marks omitted). "Neither [the prisoner's] failure to bring this claim earlier nor his odds of success on the merits are relevant to the saving clause inquiry." *Id.* at 1090. The section 2255 remedy is not rendered inadequate or ineffective just because the prisoner cannot meet the procedural requirements for relief, such as the time bar of section 2255(f), the successiveness bar of section 2255(h), and the hurdles of procedural default: "a procedural bar might prevent relief, but that bar does not render the motion itself an ineffective or inadequate remedy." *Id.* at 1086–87. It is not enough to trigger the "saving clause" to claim that new caselaw exists, that new facts have come to light, or that the section 2255 court got it wrong, because "[i]f the saving clause guaranteed multiple opportunities to test a conviction or sentence, then the bar against second and successive motions under section 2255(h) would become a nullity." *Id.* at 1090.

Under *McCarthan*, very few claims satisfy the section 2255(e) saving clause because section 2255 already provides an exceptionally broad remedy. Statute permits federal prisoners to challenge their sentences based on constitutional violations, statutory violations, jurisdictional defects, sentences exceeding the legal maximum, or any other grounds subject to collateral attack. *See* 28 U.S.C. § 2255(a).

Essentially any claim that goes to the validity of a prisoner's sentence is cognizable under section 2255, and, as such, those types of claims cannot suffice under *McCarthan* for saving clause relief. A prisoner can still use a section 2241

petition to challenge the execution of his sentence, as opposed to the validity of the sentence, "because that claim is not cognizable under section 2255(a)." *McCarthan*, 851 F.3d at 1088. Because any section 2255 motion must be filed with "the court which imposed the sentence," the saving clause would be met and section 2241 relief would be available if the sentencing court no longer existed (as occurs commonly with military courts-martial). *Id.* at 1088. And because section 2255 contemplates only challenges made to a "sentence," challenges to a broader class of "detention" not "attributable to a sentence" may still qualify under section 2241. *Id.* at 1089–90.

The *McCarthan* test does not avail Wasserman. Wasserman claims "absolute factual innocence" based on "newly discovered evidence," which directly challenges the validity of his conviction, not the execution of his sentence, and is a cognizable claim under section 2255. Doc. 1 at 9; *see also* 28 U.S.C. § 2255; *Bousley v. United States*, 523 U.S. 614, 623 (1998) ("'[A]ctual innocence' means factual innocence, not mere legal insufficiency."). But *McCarthan* clarifies that "'ordinary sentencing challenges' may not be brought under § 2241." *Donaldson v. Warden, FCI Coleman Medium*, 691 F. App'x 602, 603 (11th Cir. 2017) (quoting *McCarthan*, 851 F.3d at 1091–94) "[A]ny cognizable claim that could have been brought under § 2255, even if circuit precedent or a procedural bar would have foreclosed the claim, cannot be brought under § 2241 in this circuit after *McCarthan*." *Id*. (quotations and citation omitted).

6

Furthermore, whether Wasserman's claim is ripe for collateral review is immaterial to whether section 2255 is inadequate or ineffective. *See Amodeo*, 984 F.3d at 998 ("It does not matter to the saving clause whether a claim is timely or untimely, is barred or not barred, has merit or no merit."). While Wasserman acknowledges that filing a section 2255 motion is premature, he provides no reason preventing him from filing one at the appropriate time. *See* Doc. 1 at 9–11. *McCarthan* strictly governs the application of the saving clause and a section 2255 motion is not "inadequate or ineffective" merely because of procedural barriers, timing restrictions, or the temporary unavailability of the remedy. 851 F.3d at 1086–87. Rather, the saving clause applies only in incredibly narrow, structural circumstances—such as when the sentencing court has been dissolved or when practical barriers completely prevent the filing of a motion. *Id.* at 1093.

The fact that Wasserman must wait for the Eleventh Circuit to issue its mandate on his direct appeal before filing a section 2255 motion does not render section 2255 "inadequate or ineffective." It simply means the appropriate collateral remedy—a motion to vacate under section 2255—is not yet ripe. Because Wasserman cannot satisfy the rigorous standard established in *McCarthan*, the saving clause does not apply, and this Court lacks jurisdiction to hear his claim under section 2241.

7

Accordingly, the Warden respectfully requests that this Court dismiss the instant petition without prejudice.

<div style="margin-left:40%">

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:   */s/ Jillian M. Jewell*
      JILLIAN M. JEWELL
      Assistant United States Attorney
      Appellate Division
      Florida Bar No. 112974
      400 N. Tampa St., Ste. 3200
      Tampa, FL 33602-4798
      Telephone:  (813) 274-6000
      Facsimile:  (813) 274-6358
      E-mail:     jillian.jewell@usdoj.gov

</div>

8

**Wasserman v. Warden**                    **Case No. 5:26-cv-243-JLB-PRL**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 20, 2026, I electronically filed the foregoing with

the Clerk of the Court by using the CM/ECF system, and that a true and correct

copy of the foregoing document and the notice of electronic filing were placed in the

United States Mail to the following non-CM/ECF participant:

Phillip Roy Wasserman
Reg. No. 73653-018
Coleman Low-Satellite Camp
Federal Correctional Institution
P.O. Box 1027
Coleman, FL 33521

                                        */s/ Jillian M. Jewell*
                                        JILLIAN M. JEWELL
                                        Assistant United States Attorney